FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2009 AUG -7  P 3: 39

CLERK US ...
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| TRAVELOCITY.COM LP, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:09 cv 884 TSE/IDD |
| TRAVELOCITYINDIA.COM, | |
| Defendant. | |

## COMPLAINT

Plaintiff Travelocity.com LP ("Travelocity") complains and alleges as follows:

## NATURE AND BASIS OF ACTION

1. This is an *in rem* action asserted under the provisions of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), against the Internet domain name <travelocityindia.com>.

2. The <travelocityindia.com> domain name is confusingly similar to Travelocity's federally registered service mark "TRAVELOCITY" and "TRAVELOCITY.COM" and the registrant of the domain name, identified in the Whois database as Travelocity (India) Pvt Ltd. ("TIPL"), has registered and is using the domain name in a bad faith effort to confuse the public in violation of the Anticybersquatting Consumer Protection Act ("ACPA"). Plaintiff seeks an order compelling VeriSign Global Registry Services ("VeriSign") to change the registrar of the <travelocityindia.com> domain name so that it may be registered in Travelocity's name.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff Travelocity is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business located at 3150 Sabre Drive, Southlake, Texas 76092.

4. Pursuant to 15 U.S.C. § 1125(d)(2)(C)(i), a domain name is deemed to have its situs in the judicial district in which the domain name registrar, registry, or other domain name authority that registered or assigned the domain name is located. VeriSign is the registry for all domain names in the ".com" top-level domain, and VeriSign's principal place of business is located in this judicial district at 21355 Ridgetop Circle--Lakeside III, Dulles, Virginia 20166. Consequently, a situs of the <travelocityindia.com> domain name is properly deemed to be within this judicial district.

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and pursuant to 28 U.S.C. §§ 1331, 1337 and 1338 because this case arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*

6. This Court has jurisdiction over the <travelocityindia.com> domain name pursuant to 15 U.S.C. § 1125(d)(2)(A). Pursuant to the terms of that section, the owner of a trademark "may file an *in rem* civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located if:

(i) the domain name violates any right of the owner of a mark registered in the Patent and Trademark office . . . ; and

(ii) the court finds that the owner –

(I) is not able to obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under paragraph (1) [of the ACPA]; or

(II) through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1) by

(aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and

(bb) publishing notice of the action as the court may direct promptly after filing the action."

15 U.S.C. § 1125(d)(2)(A).

7. Travelocity is not able to obtain *in personam* jurisdiction over TIPL or any other party who would have been a defendant in a civil action under the ACPA because all such parties are located in India and do not have the requisite minimum contacts with the United States.

8. On July 24, 2009, Travelocity sent a notice to TIPL informing it of its violation of the ACPA and Travelocity's intent to proceed with this lawsuit, if necessary. That notice (a copy of which is attached hereto as <u>Exhibit A</u>) was sent to the email address provided by TIPL to its registrar in connection with its domain name registration (naresh@travelocityindia.com) and by United Parcel Service to the physical address provided by TIPL to its registrar.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS GIVING RISE TO THIS ACTION

### A. Travelocity and Its Services

10. Travelocity is a wholly owned subsidiary of Sabre Holdings Corporation, a privately owned company.

11. Through a Web site located at the domain name <travelocity.com> (the "Travelocity Web Site"), Travelocity provides consumers from around the world with access to hundreds of airlines, thousands of hotels and cruises, vacation and last-minute travel packages, car rental services from best-in-class car rental companies, and travel and destination information, all backed by more than 1,000 customer service representatives available 24 hours a day. A true and correct copy of the home page of the Travelocity Web Site is attached hereto as <u>Exhibit B</u>.

12. Travelocity also operates or supports Web sites in marketed to consumers located throughout Asia, North America, Central America, South America, and Europe, all operated under domain names that include the famous TRAVELOCITY mark, including in India using the domain name <travelocity.co.in> (the "Travelocity India Web Site"). A true and correct copy of the home page of the Travelocity India Web Site is attached hereto as <u>Exhibit C</u>.

13. Based upon gross travel bookings of over U.S. $10 billion in 2008, Travelocity is the seventh largest travel agency in North America and is the global leader in online travel and accommodations services.

14. Travelocity has millions of members, consisting of persons who have registered voluntarily and free of charge on the company's Web sites.

15. Since at least as early as 1996, Travelocity has continuously used the service mark TRAVELOCITY to identify its online travel and accommodations services.

16. Travelocity has engaged in substantial advertising and promotional efforts to promote its services and TRAVELOCITY mark around the globe, including in India. In 2008 alone, Travelocity spent millions of dollars to advertise and promote its services worldwide.

17. As a result of Travelocity's promotional efforts and the uncompromising quality of Travelocity's online travel services, the TRAVELOCITY mark has become one of the most respected and recognizable marks in the world.

18. In recognition of Travelocity's exclusive rights in its TRAVELOCITY mark, the U.S. Patent and Trademark Office ("USPTO") has granted Travelocity registration of the marks TRAVELOCITY and TRAVELOCITY.COM (collectively the "TRAVELOCITY Marks") on the USPTO's principal register. These marks were issued Certificates of Registration Nos. 2,254,700 and 2,466,132, respectively. True and correct copies of the foregoing registrations (printed from the United States Patent and Trademark Office's "Trademark Electronic Search System") are attached hereto as Exhibit D.

19. The foregoing registrations are valid and subsisting in law, were duly and legally issued, are *prima facie* evidence of the validity of the marks registered, and constitute constructive notice of Travelocity's ownership of such marks in accordance with Sections 7(b) and 22 of the Trademark Act of 1946, 15 U.S.C. §§ 1057(b) and 1072.

20. In addition to its U.S. registrations, Travelocity has also been granted and maintains registrations that consist in whole or in part of the mark TRAVELOCITY in more than twenty countries around the world, including Reg. Nos. 386,182 and 528,272 in India for the mark TRAVELOCITY. These registrations are also valid and subsisting in law, and were duly and legally issued. True and correct copies of the foregoing India registrations are attached hereto as Exhibit E.

21. Travelocity is not aware of any other individual or entity anywhere in the world with the legal right to use the mark TRAVELOCITY in connection with any goods or services.

22.  By virtue of Travelocity's longstanding, continuous, and exclusive use of the TRAVELOCITY Mark in interstate commerce, Travelocity owns valid and enforceable service mark rights in and to each of the TRAVELOCITY Marks, and it is the exclusive owner of all right, title, and interest in and to each of the TRAVELOCITY Marks.

23.  By virtue of its lengthy and substantial promotion and sale of its services under the TRAVELOCITY Marks and the <travelocity.com> domain name, the TRAVELOCITY Marks and name have become assets of substantial value to Travelocity and its parent company.

## II. The <travelocityindia.com> Domain Name

24.  Upon information and belief, on or about May 26, 2004, TIPL registered the <travelocityindia.com> domain name through Directi Internet Solutions PVT d/b/a PublicDomainRegistry.com. TIPL identified its address in the registration record for the domain name as Mumbai, null, 400 708, IN, and its e-mail address as "naresh@travelocityindia.com."

25.  Upon information and belief, both the physical address, and the e-mail address, provided by TIPL are incorrect and/or incomplete.

26.  TIPL owns and operates a Web site under the <travelocityindia.com> domain name that, from time to time, has purported or purports to offer various travel services substantially similar or identical to those operated by Travelocity in the U.S. and India under the TRAVELOCITY Marks. TIPL, however, is not in any way affiliated with Travelocity, nor has it received authorization or permission from Travelocity to register or use the <travelocityindia.com> domain name. True and correct printouts of the home page of Web site at the <travelocityindia.com> domain name from previous points in time are attached as Exhibit F. Currently, the Web site displays an "under construction" message (attached as Exhibit G).

- 7 -

27. TIPL's continued operation of a Web site under a domain name that is confusingly similar to the TRAVELOCITY Marks has left Travelocity with no alternative but to pursue this action to protect and enforce its valuable service mark rights and to prevent the continuation of the fraud being perpetrated on unsuspecting members of the public.

## COUNT I

### Violation of the Anticybersquatting Consumer Protection Act

28. Travelocity incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of Paragraphs 1 through 27 above, inclusive.

29. TIPL has registered, trafficked in, and used in interstate commerce the domain name <travelocityindia.com> without authorization from Travelocity with the bad faith intent of profiting off the TRAVELOCITY Marks by misleading or deceiving the public into believing that Travelocity is associated or affiliated with, or sponsors or endorses, TIPL, its services, and Web site.

30. The aforesaid actions constitute cyberpiracy in violation of Section 43(d) of the Trademark Act of 1946, 15 U.S.C. § 1125(d).

31. TIPL's unauthorized registration and use of the <travelocityindia.com> domain name has caused, and unless and until restrained, enjoined and transferred to Travelocity, will continue to cause irreparable injury to Travelocity and to the goodwill associated with its TRAVELOCITY Marks. Travelocity has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, by virtue of the unlawful conduct alleged herein, Travelocity respectfully prays that:

1. The Court enter judgment that the TRAVELOCITY Marks and the registrations therefor are valid and enforceable; that Travelocity is the owner of all right, title and interest in and to the TRAVELOCITY Marks and the registrations thereof; and that registration and use of the <travelocityindia.com> domain name violates the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

2. The Court issue an order compelling VeriSign to change the registrar of the <travelocityindia.com> domain name to a registrar of Travelocity's choosing and thereafter be registered in Travelocity's name; and

3. The Court grant Travelocity such other, different, and additional relief as the Court deems just and proper.

Respectfully submitted, this 7th day of August, 2009.

By: _____
Alan L. Whitehurst
Virginia Bar No. 42014
*Attorney for Travelocity.com LP*
Alston & Bird, LLP
950 F Street, NW
Washington, DC 20004-1404
Ph: 202/756-3300
Fax: 202/756-3333
alan.whitehurst@alston.com

Jason D. Rosenberg
Virginia Bar No. 68603
*Attorney for Travelocity.com LP*
Alston & Bird, LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Ph: 404/881-7461
Fax: 404/253-8861
jason.rosenberg@alston.com

OF COUNSEL:
David J. Stewart
Georgia Bar No. 681149
*Attorney for Travelocity.com LP*
Alston & Bird, LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Ph: 404/881-7952
Fax: 404/881-7777
david.stewart@alston.com